IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TRAVIS J. ADAMS, | ) | 4:04CV3208 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| TENNECO AUTOMOTIVE | ) | |
| OPERATING COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff has filed a motion for an award of attorney's fees under the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. § 48-1119(4).[1]  The motion will be denied for the reason that all claims made by Plaintiff under that Act for "marital status" discrimination were dismissed at the close of Plaintiff's evidence.

Only the Plaintiff's "retaliation" claim was submitted to the jury, and that claim was not brought under the NFEPA.  Rather, as discussed in the court's previous memoranda (see filings 31 and 34), the "retaliation" claim was brought under Neb.

---

[1] "A complainant who has suffered physical, emotional, or financial harm as a result of a violation of section 48-1104 or 48-1114 may, at any stage of the proceedings prior to dismissal, file an action directly in the district court of the county where such alleged violation occurred.  If the complainant files a district court action on the charge, the complainant shall provide written notice of such filing to the commission, and such notification shall immediately terminate all proceedings before the commission.  The district court shall docket and try such case as any other civil action, and any successful complainant shall be entitled to appropriate relief, including temporary or permanent injunctive relief, general and special damages, reasonable attorney's fees, and costs."  Neb. Rev. Stat. Ann. § 48-1119(4) (LexisNexis Cum. Supp. 2004).

Rev. Stat. § 20-148, which contains no provision for an award of attorney's fees. Section 20-148 is strictly a procedural statute. See Goolsby v. Anderson, 549 N.W.2d 153, 157 (Neb. 1996).

It has long been the rule in Nebraska that attorney's fees may be recovered in a civil action only where provided for by statute or when a recognized and accepted uniform course of procedure has been to allow recovery. See Destiny 98 TD v. Miodowski, 693 N.W.2d 278, 283 (Neb. 2005). No statute or uniform course of procedure allowing fees applies in this case.

Accordingly,

IT IS ORDERED that Plaintiff's motion for attorney's fees (filing 57) is denied.

DATED: May 10, 2005.          BY THE COURT:

                              s/ Richard G. Kopf
                              United States District Judge