IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TRAVIS J. ADAMS, | ) | 4:04CV3208 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| TENNECO AUTOMOTIVE | ) | |
| OPERATING COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant has filed a post-trial motion pursuant to Rules 50(b), 59(a), and 59(e) of the Federal Rules of Civil Procedure. In support of the motion Defendant argues: (1) that there was not sufficient evidence to support Plaintiff's "retaliation" claim; (2) that the court erred by instructing the jury in Instruction No. 8 that Plaintiff was required to prove that the filing of a discrimination charge with the NEOC "played a part" in Defendant's failure to create the promised position; and (3) that the jury verdict awarding Plaintiff damages of $8,600.00 for lost wages is excessive.

I find no merit to the first two arguments. As to the third argument, however, I agree that the jury's verdict is not supported by the evidence. Plaintiff's own counsel told the jury during closing argument that Plaintiff's total lost wages while he was employed by Defendant were $2,340.96.[1] She also told the jury that Plaintiff's earnings increased after he left Defendant's employ, but that because he

---

[1] This figure represents the pay differential between what Plaintiff would have earned if he had been placed in a newly created maintenance position and what he actually earned while employed by Defendant, from August 2003 until April 2004. Defendant computes a slightly lower amount of $2,173.60. (Filing 56, pp. 10-11.)

had to work more hours at his new job (i.e., an extra 20 hours per week), the jury should award him an unspecified amount of additional compensatory damages for this inconvenience (and also damages for mental anguish). The jury awarded "none."

Defendant requests the court to reduce the amount of damages awarded[2] or to grant a new trial. I cannot arbitrarily reduce the amount of the jury's damage award for lost wages, see Hetzel v. Prince William County, 523 U.S. 208, 211 (1998) (Seventh Amendment prohibits court from substituting its judgment for that of the jury regarding the amount of compensatory damages), but I can require Plaintiff to chose between remittitur and a new trial on damages.

Defendant suggests various damage amounts that might be proper, the highest being $4,500.00 (rounded), based upon the pay differential for a supervisor position. (Filing 56, p. 10.) Plaintiff's counsel admits that "[i]t is true that the differential in Adams' pay while at Tenneco comes to only $4500," but argues that "the jury is also allowed to consider any lost benefits." (Filing 61, p. 8.) However, in response to a jury question (filing 49), the parties stipulated that there was no evidence of fringe benefits, and the jury was instructed not to award damages for lost benefits.

Plaintiff's counsel further argues that the jury could also consider "that the employment obtained by Adams after working with Tenneco paid him less per hour than he would have been making with continued non-discriminatory employment with Tenneco." This is incorrect. The jury was instructed to "determine the amount of any wages and fringe benefits Plaintiff would have earned in his employment with Defendant if he had been placed in a newly created maintenance position, from

---

[2] Defendant suggests two dollar amounts that might be proper, neither of which coincide with the figure of $2,340.96 that was used by Plaintiff's counsel during closing argument. Thus, Defendant suggests that the court reduce the amount of damages to $2,173.60 (based on the pay differential for a maintenance position) or $4,364.00 (based on the pay differential for a supervisor position).

2

August 2003 through the date of your verdict, <u>minus</u> the amount of earnings and benefits that Plaintiff received from other employment during that time." (Filing 48, Instruction No. 9) (emphasis in original).  That is, the jury was instructed to deduct the total amount Plaintiff actually earned at his new employment—not an amount based upon a hypothetical 40-hour workweek.  Plaintiff was permitted to claim additional damages related to the loss of time off work—and his counsel covered this point during closing argument—but the jury only awarded damages for lost wages.

The $4,500.00 figure that has been offered by Defendant and accepted by Plaintiff as representing the difference in total earnings is also inconsistent with the damage instruction that was given to the jury.  The $4,500.00 figure is based upon Plaintiff not being promoted to a supervisor position.  The jury was instructed only to consider that Plaintiff was not placed in a newly created maintenance position. Indeed, Defendant states in its brief that "[a]s Plaintiff's counsel pointed out in final argument, the measure of back pay using this analysis was $2,500."  (Filing 56, p. 10.)  The actual figure used by Plaintiff's counsel was $2,340.96, and, accordingly, I will order remittitur using that figure.

IT IS ORDERED that Defendant's post-trial motion (filing 55) is granted in part and denied in part, as follows:

1.  Defendant's Rule 50(b) renewed motion for judgment as a matter of law is denied.

2.  Defendant's Rule 59(e) motion to alter or amend judgment is denied.

3.  Defendant's Rule 59(a) motion for new trial is granted in part and denied in part.

    a.    A new trial on damages only shall be held unless Plaintiff accepts the remitted sum of $2,340.96 in total damages by filing and serving a statement of acceptance on or before May 20, 2005.

    b.    In all other respects, Defendant's motion is denied.

DATED: May 10, 2005.        BY THE COURT:

                                        s/ Richard G. Kopf
                                        United States District Judge